UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF

------------------------------------------------------------x
ROBERT P. JOHNSON,

                              Plaintiff,

        -against-

SHAC, LLC d/b/a SAPPHIRE,
KARLA DOE AND ANDA ROE,
said individual names being fictitious,

                            Defendants.
------------------------------------------------------------x

2:16-cv-01899-JAD-PAL

## COMPLAINT

      Plaintiff, ROBERT P. JOHNSON ("Plaintiff"), files this Complaint and alleges the following:

### JURISDICTION AND VENUE

      1.     This action is brought pursuant to the provisions of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.  Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 18 U.S.C. §1964.

      2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) in that the defendants all reside in this district and this is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

      3.     This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the claims asserted here that arise under the laws of the State of Nevada.

### THE PARTIES

      4.     Plaintiff Robert P. Johnson is a resident of and citizen of the State of New York.

5. Defendant Shac, LLC d/b/a Sapphire ("Corporate Defendant") is a limited liability company organized and existing under the laws of the State of Nevada with an office for business in Las Vegas, Nevada.

6. Defendants Karla Doe and Anda Roe ("Individual Defendants") are residents and citizens of the State of Nevada, the last names of whom are fictitious, as the Plaintiff has been unable to obtain their full names from the Corporate Defendant, which has refused to provide such information.

7. That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and other interstate wire and/or electronic communications.

## FACTS

8. That the Corporate Defendant is the owner and operator of a restaurant and entertainment facility located at 3025 Sammy Davis Jr. Drive, Las Vegas, Nevada which is advertised and promoted as a high class "gentlemen's club" ("the Club").

9. That the Individual Defendants are dancers and/or entertainers employed by and/or agents of the Corporate Defendant.

10. That on the late evening of March 18, 2016, the Plaintiff, a 64-year-old business man on vacation from New York, entered the Club with an acquaintance expecting to receive a private tour of the Club with a host.

11. That the Plaintiff was separated from his acquaintance and the host by the crowd in the Club where he was put upon by one of the Individual Defendants who pressured him to have a private dance session in a so called private room.

12.  That the Individual Defendant stated that she was from Romania but did not give any other information about herself.

13.  That the Plaintiff accompanied the Individual Defendant whereupon she pressured him into buying a specific and expensive bottle of champagne which would provide a two-hour session of dancing with no additional charges.

14.  That the Plaintiff expressed a desire to purchase another alcoholic beverage but the Individual Defendant was extremely insistent that only that particular bottle of champagne would be acceptable.

15.  That pursuant to the agreement and representations made by the Individual Defendant, the Plaintiff remitted $600 in cash and signed for and ultimately paid $795.00 for the champagne with a $100.00 gratuity to a waitress at the Club who served the champagne.

16.  That not long after ingesting some of the champagne, the Plaintiff became woozy and had difficulty remembering the further events of the evening.

17.  That at no time did the Plaintiff ever agree to, discuss, or negotiate any additional charges for any services, merchandise or gratuities of any kind.

18.  Notwithstanding the foregoing, at 1:01 a.m. Nevada time (4:01 a.m. New York time) the Individual Defendant, acting in concert with the Corporate Defendant and its employees and agents, caused the Plaintiff to incur $1,840.00 in credit card charges consisting largely of "tips" together with an additional $300.00 of "tips" for a total charge of $2,140.00 for "tips" which were never agreed to by the Plaintiff.  That these charges were transmitted electronically to American Express such that a wire fraud was perpetrated by the Defendants. These charges were fraudulent because they were obtained by deceit and trickery and no services or consideration were provided.

19. That at 1:56 a.m. Nevada time (4:56 a.m. New York time) the Individual Defendant, acting in concert with the Corporate Defendant and its employees and agents, caused the Plaintiff to incur an additional $3,680.00 in credit card charges consisting entirely of "tips" with an additional tip amount of $500.00 for a total charge of $4,180.00. That these charges were transmitted electronically to American Express such that a wire fraud was perpetrated by the Defendants. These charges were also fraudulent as they were obtained by deceit and trickery and no services or other consideration were provided.

20. That also at 1:58 a.m. Nevada time (4:58 a.m. New York time), the Individual Defendants, again acting in concert with the Corporate Defendant and its employees and agents caused the Plaintiff to incur additional charges totaling $1,120.00 for a second bottle of champagne which was never requested or authorized by the Plaintiff and which included "tips" and "service charges" of $470.00 to which Plaintiff never agreed or consented. These charges were also electronically transmitted to American Express, such that the Defendants again perpetrated an additional instance of wire fraud. These charges are also fraudulent as they were obtained by deceit and trickery and no products, services, or other consideration was provided.

21. That the Individual Defendants, acting in concert with the Corporate Defendant and its agents and employees, knowingly and purposefully caused the Plaintiff to become intoxicated and/or drugged to the point where he was oblivious to the circumstances of his situation and unaware that he was being victimized and being taken advantage of by the Defendants.

22. That the foregoing unauthorized charges were incurred by a result of the fraud perpetrated by the Defendants in causing the Plaintiff to repeatedly sign credit card receipts and other documents but assuring him that he was merely resigning the original authorized charge for the initial bottle of champagne, which was the only charge agreed to, and was to be the only charge

4

based upon the representations of the Individual Defendant, which was there would be no additional charges.

23. That the Plaintiff became violently ill and had to be assisted to make his way to the restroom, which illness was caused by being intoxicated by the Defendants' actions.

24. That as the evening had progressed, the Defendants became bolder in their plan to defraud the Plaintiff by first charging about $1,000.00 for the initial bottle of champagne, then an hour later charging over $2,000 for non-existent services that were never provided, thence an hour later over $4,000.00 for additional non-existent services.

25. That at that point the Plaintiff became so ill that he expectorated uncontrollably and completely lost consciousness.

26. That when the Plaintiff awoke in his hotel room that morning, the Plaintiff had very little memory of what had taken place except that of becoming ill and obviously having been purposefully caused to be intoxicated by the Defendants to the point where he could easily be victimized.

27. That the fraudulent and false charges that were never agreed to by the Plaintiff were nevertheless imposed upon the Plaintiff's American Express charge account and Plaintiff remains liable for those charges, thereby incurring losses of $7,640.00.

28. That to add insult to injury, when the Plaintiff searched his wallet that morning, he realized an additional $1,200 in cash had been removed from his wallet beyond the $600.00 that had originally had been paid to the Individual Defendant, such that it became clear that he had essentially been robbed of $1,200 in cash by the Defendants.

29. That when the Plaintiff demanded that American Express cancel the charges, the Corporate Defendant sent a number of communications both by mail and interstate wire

communications misrepresenting to American Express that the charges were valid and causing American Express, which is essentially an agent of the Plaintiff, into believing that the charges were valid, and thereby causing American Express to refuse the Plaintiff's request to have such charges cancelled.  That these communications were transmitted by the Corporate Defendant on March 24, 2016 and April 26, 2016 and on other occasions, such that the Corporate Defendant committed further acts of wire fraud.  These representations by the Corporate Defendant were false, known to be false, and relied upon by American Express to the detriment and damage to the Plaintiff.

30. That these misrepresentations to American Express were false, known by the Defendants to be false, and yet were relied upon by American Express as an agent of the Plaintiff or otherwise, thus damaging the Plaintiff and thereby constituting further fraudulent representations on the part of the Corporate Defendant which are actionable.

31. That American Express and its representatives advised the Plaintiff to commence a lawsuit against the Corporate Defendant and further advised that American Express had received numerous similar complaints, including contested charges of $40,000 and more, from a substantial number of American Express patrons, who similarly had complained of the business practices of the Corporate Defendant, such that a pattern of improper conduct to the public in general has clearly been established.

32. That as a result of the actions of the Corporate Defendant and the Individual Defendants, the Plaintiff has been caused to sustain losses of $7,640.00 in charges and $1,200.00 in misappropriated cash as set forth and specified above.

33. That the Corporate Defendant has failed and refused to refund any of these damages despite due demand for same and has further refused to provide any information regarding the

Individual Defendants, other than their first names, thus causing this action to be commenced against said Individual Defendants as "Doe" and "Roe" defendants.

## COUNT I
## VIOLATIONS OF 18 U.S. C. §1961, et seq.
## AGAINST ALL DEFENDANTS

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth at length herein.

35. That in violation of 18 U.S.C. §1962 (b), the Defendants, all persons within the meaning of RICO, commencing in or about 2003, acquired or maintained, directly or indirectly, interest in or control over the Club which is operated under the name "Sapphire".

36. That the Defendants acted to acquire and operate the Club by various means, some of which are believed to be illegal and fraudulent, and the Club is an enterprise engaged in and affecting interstate commerce by virtue of purchases of supplies from out of state suppliers and advertising throughout the United States by electronic and other means.

37. That the enterprise was acquired and operated through a pattern of racketeering activity including schemes utilizing the United States mails and wires in violation of 18 U.S.C. §§1341 and 1343.

38. That the Defendants have therefore formed an association in fact for the purpose of extorting money from customers such as the Plaintiff upon similar facts.

39. That each of the specific charges referred to above were made through the use of interstate wires in violation of 18 U.S.C. §1343. That in addition, the communications made by the Corporate Defendant to American Express were also made by electronic wire and/or mail in violation of 18 U.S.C. §§1341 and 1343.

40. That at least three such fraudulent actions were undertaken by the Defendants on the evening of March 18, 2016 at the times indicated above and on numerous other occasions, such that these mailings and use of the wires constitute a pattern of racketeering activity as defined in 18 U.S.C. §1961 (1), (5).

41. That the Defendants used or invested, directly or indirectly, part or all of such income, or the proceeds of such income, in the establishment or operation of the association in fact to further the association's scheme to defraud Plaintiff (and other members of the public) of money and property as set forth above.

42. That the activities of this association in fact affect interstate or foreign commerce in that the Club is marketed in interstate commerce and the business and enterprise involved is engaged in the business of interstate commerce.

43. That as a direct and proximate result of violations of 18 U.S.C. §1962 (c), (d), Plaintiff has suffered actual damages as a result of injury to its property of at least $8,840.00.

44. That the Defendants are liable to the Plaintiff for treble damages, together with all costs of this action, plus reasonable attorney's fees, all as provided under 18 U.S.C. §1964 (c).

COUNT II
<u>CONSPIRACY TO VIOLATE RICO
18 U.S.C. §1962 (d)</u>

45. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth at length herein.

46. That at various times and places set forth herein, all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §1962 (b) and (d); 18 U.S.C. §1961 (4) and (5).

47. That at various times and places set forth herein, all Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, I violation of 18 U.S.C. §1962 (c) and (d); 18 U.S.C. §1961 (4) and (5).

48. That during the ten (10) calendar years preceding the commencement of this action, all Defendants cooperated jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§1961 (1)(A) and (B), in violation of 18 U.S.C. §1962 (d).

49. That the Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. §1962 (d).

50. That by reason of the foregoing, Plaintiff has been damaged and demands judgment in the sum of $8,840.00, which damages should be trebled under the RICO statutes, together with reasonable legal fees as provided therein.

## COUNT III
## MONEY HAD AND RECEIVED

51. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth at length herein.

52. That pursuant to Chapter 6.160.180 of the Code of Ordinances of Clark County, Nevada, the Corporate Defendant is responsible for all of the acts of its employees and independent contractors, including attendants, servers, managers and dancers, such as the Individual Defendants. That even absent the statute, the Corporate Defendant is responsible and liable for

9

the actions of the Individual Defendants under the Common Law Doctrine of Respondeat Superior and the law of agency, including actual authority and apparent authority.

53. That the Defendants have received $8,840.00 from the Plaintiff which was acquired in bad faith and through fraudulent means for non-existent services and products which were not requested or agreed to by the Plaintiff.

54. That by reason of the foregoing, Plaintiff is entitled to judgment against the Defendants for $8,840.00 as money had and received.

## COUNT IV
## FRAUD

55. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth at length herein.

56. That the Individual Defendant fraudulently misrepresented to the Plaintiff that the only charges involved would be the initial $600.00 in cash and $795.00 for the bottle of champagne when in fact the Individual Defendant, acting in concert with the other Defendants, fully intended to defraud the Plaintiff by causing him to be intoxicated and then misleading him into signing the charges that were never agreed to and which were represented to be a resigning for the champagne which was purchased with the Plaintiff's consent, when in truth and fact the Plaintiff was being purposely deceived into signing for items that he did not want, did not authorize, and would have immediately rejected but for the actions of the Defendants. That the Defendants also committed further acts of fraud, trickery and deceit by misleading American Express into believing that the charges were valid, upon which American Express relied, thereby causing damage to the Plaintiff.

57. That by reason of the foregoing, Plaintiff is entitled to judgment against the Defendants in the amount of $8,840.00 under the doctrine of fraud.

## COUNT V
## CONVERSION

58. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth at length herein.

59. That the $7,640.00 in unauthorized credit charges and $1,200.00 cash as specified above that was money that was lawfully owned by the Plaintiff, who has been wrongfully deprived by the Defendants as set forth above.

60. By reason of the foregoing, Plaintiff is entitled to judgment against the Defendants in the sum of $8,840.00 under the doctrine of conversion.

## COUNT VI
## DECEPTIVE TRADE PRACTICES

61. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth at length herein.

62. That the actions of the Defendants constitute deceptive trade practices within the meaning of Nevada Revised Statutes § 598.0915 and specifically the Defendants made false and misleading statements of fact concerning the price of goods or services, knowingly made other false representations, and otherwise made false representations to the characteristics, uses, benefits, alterations or quantities of goods or services for sale and false representations as to the status of same.

63. That the Plaintiff is an elderly person as defined in Nevada Revised Statues 598.0933 in that he is over sixty years of age.

64. That Nevada Revised Statutes §598.0977 authorizes civil actions by elderly persons against persons engaged in deceptive trade practices, such as the Defendants. That section further provides that such an elderly person may recover actual damages, punitive damages and reasonable attorney's fees based upon the false representations of parties such as the Defendants in the case at bar. That punitive and exemplary damages are appropriate and necessary in this case as the Defendants operate a place of public amusement with various businesses, and their conduct is aimed at the public generally.

65. That by reason of the foregoing, Plaintiff is entitled to judgment against the Defendants for $8,840.00 in actual damages, $26,520.00 in punitive damages plus reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(i) For $26,520.00 representing actual damages of $8,840.00 trebled, together with all reasonable legal fees paid or incurred herein, on Count I;

(ii) For $26,520.00 representing actual damages of $8,840.00 trebled, together with all reasonable legal fees paid or incurred herein, on Count II;

(iii) For $8,840.00 on Count III;

(iv) For $8,840.00 on Count IV;

(v) For $8,840.00 on Count V;

(vi) For $8,840.00 in actual damages and $26,520.00 in punitive damages together with reasonable legal fees on Count VI;

(vii)   Together with the costs and disbursements of this action, pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       July 28, 2016

By: _____
ROBERT P. JOHNSON
Plaintiff Pro Se
111 Great Neck Road – Suite 214
Great Neck, NY  11021
(516) 498-2900