# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Robert P. Johnson,<br><br>  Plaintiff<br>v.<br><br>SHAC LLC, et al.,<br><br>  Defendants | Case No. 2:16-cv-01899-JAD-PAL<br><br>**Order Dismissing Action<br>for Want of Prosecution** |

Very little has happened in this lawsuit since Robert P. Johnson filed it in August 2016. Just one of the three defendants appeared, promptly filing an answer in September 2016.[1] The scheduling order set the dispositive motion deadline in March 2017 and the joint-pretrial order filing deadline for April 6, 2017, but none were filed. In October 2017, the court notified the parties that the lack of activity in the case made it ripe for dismissal for want of prosecution and warned that the case would be dismissed if no action were taken by November 17, 2017.[2]

Plaintiff responded with a letter to the magistrate judge, lamenting that his discovery efforts had been met with silence and asking her to schedule a discovery conference.[3] Because the court does not take action based on letters, the court then advised Johnson on December 8, 2017, that "[a] document requesting a Court order must be styled as a motion, not a letter" and that "[l]etters to a judge will be disregarded."[4] That notice is the last entry on this docket.

---

[1] ECF No. 6.
[2] ECF No. 12.
[3] ECR No. 13.
[4] ECF No. 14.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to prosecute it, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that these factors weigh in favor of dismissing this case for want of prosecution. The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement. And that

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Although Johnson did send a letter in response to the court's notice of intent to dismiss for want of prosecution, that communication violated the rules of this court.[10] When he was so advised, he did nothing. The net result is that this case has languished for nearly four years.

      Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for want of prosecution. The Clerk of Court is directed to CLOSE THIS CASE.

      Dated: May 3, 2019

                                          U.S. District Judge Jennifer A. Dorsey

---

[9] *See* ECF Nos. 12, 14.

[10] *See* Local Rule IA 7-1(b) ("an attorney or pro se party must not send case-related correspondence, such as letters . . . to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.").